1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD FOSTER, on Behalf of Himself and
Others Similarly Situated,

                                    Plaintiff,            No. 11-05171-RBL

                v.

STATE OF WASHINGTON, ELDON VAIL,          ORDER GRANTING DEFENDANTS'
JOSEPH LEHMAN, and DOES 1-20,             MOTION FOR JUDGMENT ON THE
                                          PLEADINGS [Dkt. #12].
                                    Defendants.

        THIS MATTER comes before the Court on Defendant State of Washington's Motion for

a Judgment on the Pleadings under Fed. R. Civ. P. 12(c). [Dkt. #12]. Defendants seek a

judgment as a matter of law that Plaintiff Foster has not stated any claim upon which relief can

be granted.

## I.    FACTS

        Plaintiff Foster's class action Complaint alleges that he was unconstitutionally denied

release from prison by the Washington Department of Corrections (DOC). Defendants argue

that Plaintiff has not alleged any claims upon which relief can be granted because he did not

have a constitutionally protected right to be released early.

        Foster was arrested on November 24, 2007, and was held in the Spokane County Jail

prior to his trial, conviction, and sentencing. [Complaint, Dkt. #1, at p. 12]. He alleges that

during his 139 days in the county jail, he received 69 days of "good time" credit in accordance with Spokane County Jail policy. On April 10, 2008, after his felony conviction, he was transferred to the Washington State Department of Corrections. He was ultimately released from the state facility on his maximum term date, February 21, 2009, instead of what he alleges was his good time term date, December 14, 2008. [Complaint, Dkt. #1, at p. 12]. The DOC did not release Foster early because he did not submit the address at which he planned to reside once released, as required under RCW §9.94A.729.

Foster argues that he has a constitutionally protected liberty interest in his "good time" under RCW §9.94A.728, which governs release prior to expiration of a sentence. On behalf of himself and of a class of "similarly situated individuals" [Complaint, Dkt. #1, at p. 12], Foster asserts that the Defendants unconstitutionally violated those liberty interests in failing to grant them early release. Foster also claims that Defendants violated his Eighth Amendment against cruel and unusual punishment; that Defendants are liable for negligence in adopting or following policies that delayed release dates; and that Defendants falsely imprisoned the class members by denying them early release.

Defendants seek a judgment on the pleadings under Rule 12(c). They argue that RCW §9.94A.728 does not create a liberty interest in good time, that Defendants are entitled to qualified immunity, and that all of Plaintiff's other claims are deficient as a matter of law because Plaintiff had no constitutionally protected liberty interest in early release.

## I.      STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12 (c) Judgment on the Pleadings.

Federal Rule of Civil Procedure 12(c) allows a party to move the Court for a judgment on the pleadings. A Rule 12(c) motion is evaluated under the same standard as a motion under Rule

12(b)(6). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

### B. Qualified Immunity

Government officials are entitled to qualified immunity from damages for civil liability as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The existence of qualified immunity generally turns on the objective reasonableness of the actions, without regard to the knowledge or subjective intent of the particular official. *Id*. at 819. The purpose of qualified immunity is "to recognize that holding officials liable for reasonable

mistakes might unnecessarily paralyze their ability to make difficult decisions in challenging

situations, thus disrupting the effective performance of their public duties." *Mueller v. Auker*,

576 F.3d 979, 993 (9th Cir. 2009).  Thus, only gross incompetence is punished; reasonable

mistakes are immunized.

In analyzing a qualified immunity defense, the Court must determine: (1) what right has

been violated;  (2) whether that right was so "clearly established" at the time of the incident that

a reasonable officer would have been aware of its constitutionality;  and (3) whether a reasonable

public officer could have believed that the alleged conduct was lawful.  *See Gabbert v. Conn*,

131 F.3d 793, 799 (9th Cir.1997); *Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir.1996).  To be

clearly established, the law must be sufficiently clear that a reasonable official would understand

that his or her action violates that right.  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  The

court should look to whatever decisional law is available to determine whether the law was

clearly established at the time the alleged acts occurred.  *Capoeman v. Reed*, 754 F.2d 1512,

1514 (9th Cir. 1985).

## II.  DISCUSSION

### A.  Plaintiff Foster does not allege a valid liberty interest in his good time.

A prisoner has no constitutionally protected liberty interest in early release.  A convicted

person has no constitutional right to be released before the expiration of his valid sentence.

*Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  A state statute

can, however, create a liberty interest if it creates a presumption or expectation of early release.

*Id.* at 11–12.  In order to create a liberty interest, the statute cannot be purely procedural.  It

"must contain . . . 'specific directives that if the regulations' substantive predicates are present, a

particular outcome must follow."  *In re Cashaw*, 123 Wash.2d 138, 144, 866 P.2d 9 (1995)

(quoting *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 463 (1989)).  Laws that

"adopt[] guidelines to structure the exercise of discretion do[ ] not necessarily create a liberty

interest."  *Id.* at 145.

Washington statutes governing the early release of individuals into community custody

do not create a liberty interest in that release.  RCW §9.942A.7821 expressly provides that it

does not:

> [These laws] do not create any expectation that the percentage of earned release time
> cannot be revised and offenders have *no reason to conclude that the maximum*
> *percentage of earned release time is an entitlement or creates any liberty interest*.
> (emphasis added).  RCW §9.942A.7821.

Cases decided under this statute confirm that it does not create a liberty interest.  In

*Carver v. Lehman*, 558 F.3d 869, 873 (9th Cir. 2009) the Ninth Circuit held that a sex offender

who earned early release time for good behavior "is *not entitled* to early release; rather he is

eligible for a *discretionary* transfer into community custody if his proposed placement is

appropriate."  In *In re Mattson*, 166 Wash.2d 730, 739, 214 P.3d 141 (2009), the Washington

State Supreme Court reached the same result, holding that RCW §9.94A.728 "gives DOC wide

latitude" in determining whether an individual "*may*" be released before his sentence expires.

Both courts expressly rejected the theory that RCW §9.94A.728 creates any liberty interest in

early release, and emphasized that the DOC has generous discretion in this decision.  *Mattson*,

166 Wn.2d at 740; *Carver*, 55 F.3d at 876.

Plaintiff's claim that he had a liberty interest in his "good time" is not supportable.

Defendant's Motion on this claim is GRANTED, and all claims based on this liberty interest are

DISMISSED under Rule 12(c).

**B. Plaintiff was not eligible for early release because he did not provide a valid release address pursuant to RCW §9.94A.729(5)(b).**

Defendants contend, and Plaintiff does not deny, that Plaintiff failed to propose a release

address under §9.94A.729(5)(b). That statute provides that the DOC "shall . . . require the

offender to propose a release plan that includes an approved residence and living arrangement."

RCW §9.94A.729(5)(c) gives the DOC discretion to approve or deny released based on that plan:

> The department *may deny* transfer to community custody in lieu of earned release time if
> the department determines an offender's release plan, including proposed residence
> location and living arrangements, may violate the conditions of the sentence or conditions
> of supervision, place the offender at risk to violate the conditions of the sentence, place
> the offender at risk to reoffend, or present a risk to victim safety or community safety.
> RCW §9.94A.729(5)(c) (emphasis added).

Plaintiff does not contest that he failed to provide an approved address.  Therefore, under

RCW §9.94A.729(5)(c), the DOC had discretion to deny Plaintiff's early release based on his

failure to comply the release plan requirements of RCW §9.94A.729(5)(b).  They did not

unconstitutionally do so.  Defendants' Motion on this claim is GRANTED, and the claim is

DISMISSED.

**C. Defendants enjoy qualified immunity because Plaintiff has not established that he had a "clearly established" liberty interest in his earned good time.**

Even if any of Plaintiff's constitutional claims had merit, Defendants are entitled to

qualified immunity because Plaintiff cannot show that his liberty interest in good time was

"clearly established" at the time that the DOC failed to grant his early release.

The Ninth Circuit, in *Carver*, and the Washington Supreme Court, in *Mattson*, held that

the Department has wide discretion when deciding when to grant release, and emphasized that

RCW §9.94A.728 expressly does not create a liberty interest in good time.  In denying Plaintiff's

early release, the DOC relied on *Carver* and *Mattson* to support the simple logic that their

discretion is not constricted by an offender's earning of good time.  [*See* Defs.' Reply, Dkt. #14,

at p. 3]. *Carver* and *Mattson* did not acknowledge any separate liberty interest in earned good time that would override the DOC's discretion.

Plaintiff attempts to distinguish *Carver* and *Mattson*, arguing that those cases only decided the narrow issue of whether the DOC has authority "to deny a release address." Plaintiff argues that *Carver* and *Mattson* do not address whether the DOC can "take away" good time by denying a release address, which he claims is the issue here. Plaintiff cites *Washington v. Donery*, 131 Wash. App. 667, 674, 128 P.3d 1263 (2006) for the proposition that the DOC the county jail has authority to grant or deny good time, and that the state prison does not have power to take that time away, or otherwise oversee the county good time policy.

But the claim that the DOC "took away" Plaintiff's good time in this case is misleading. The DOC denied Plaintiff's early release because he did not meet the statutory requirement of providing an approved address before release. Defendants correctly argue that "receipt of county good time does not affect the Department's discretion to approve or reject a release address; they are separate concepts. For example, an inmate can earn jail good time, and then he can forfeit the opportunity to use that jail good time by failing to provide an approvable address to the Department." [Reply, Dkt. #14, at p. 4–5]. Ultimately, the DOC has discretion.

Plaintiff also seems to argue that *Carver* and *Mattson* apply strictly and only to state facilities, and do not apply to situations where an individual has been transferred from a county facility: "The Department is granted authority only to deny a release address, when the denial results in a loss of good time earned while under the jurisdiction of the WDOC. Permission has not been given to take away good time earned while under the jurisdiction of a county jail." [Pl. Response, Dkt. #13, at p. 7].

ORDER - 7

Plaintiff's theory is novel, and perhaps clever, but its viability is not "clearly established." Even if *Carver* and *Mattson* were so narrowly decided, Defendants could not be reasonably expected to make the requisite leap in logic from a plain reading of those cases to conclude that good time earned in county jail is a separately protected liberty interest, and, further, that Defendants may not deny an early release due to other statutory considerations. Therefore, Defendants are entitled to qualified immunity on Plaintiff's constitutional claim.

**D. Plaintiff's Eighth Amendment, false imprisonment, and negligence claims also fail because Plaintiff cannot establish a liberty interest in early release.**

Plaintiff's other claims rely on his ability to assert a liberty interest in early release. Because this interest is not a viable claim, the other claims must also fail.

First, Plaintiff's Eighth Amendment claim that the Defendants violated his right against cruel and unusual punishment requires him to show that Defendants were "deliberately indifferent" in depriving him of "minimal civilized measure of life's necessities." *Hallett v. Morgan*, 296, F.3d 732, 744 (9th Cir. 2002). Because Plaintiff could not establish that he had a liberty interest in early release, and therefore that the DOC unconstitutionally kept him in prison, the DOC could not have been "deliberately indifferent" in doing so. This claim is without merit and is DISMISSED.

Second, Plaintiff's false imprisonment claim requires him to establish that he had the right to be released early, which he has failed to do. This claim is also without merit and is DISMISSED.

Finally, Plaintiff's negligence claims require him to show that the Department had a duty to release him early. He has not established that Defendants had this duty. This claim is without merit and is DISMISSED.

**E. Plaintiff Foster cannot represent a class when his own claim lacks merit.**

Finally, because Plaintiff's claims lack merit, he cannot represent a class alleging these same claims. The claims of the proposed class are DISMISSED.

### III.    CONCLUSION

Because Plaintiff does not state any claim upon which relief may be granted, Defendants' Rule 12(c) Motion for a Judgment on the Pleadings is GRANTED, and all claims are DISMISSED.

**IT IS SO ORDERED.**

Dated this 11th day of July, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE